JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BACKYARD WRESTLING, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PRO-ACTIVE ENTERTAINMENT GROUP, INC., a California corporation; LEN LEVY, an individual; RICHARD MENDELSOHN, an individual; WENCESLADO HERRERA, aka WAYNE HERRERA, doing business as DISTINCTIVE MOVIE NETWORK, MOVIE NETWORK, INC. and WAYNE ENTERPRISES; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. EDCV 07-0527SGL(JCRx) <br><br> **JUDGMENT AND PERMANENT INJUNCTION** |

Default having been previously entered against all defendants and a motion for default judgment having been previously granted in favor of plaintiff Backyard Wrestling, Inc.("Plaintiff") as to defendants Len Levy ("Levy"), Richard Mendelsohn ("Mendelsohn") and Wenceslado Herrera (aka Wayne Herrera, Distinctive Movie Network, Movie Network Inc. and Wayne Enterprises) ("Herrera"), this action came on regularly for trial on March 11, 2009 at 9:00 a.m. on the issue of the amount of damages.  After hearing the evidence and the arguments of counsel, the Court hereby enters judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   That judgment be, and hereby is, granted in favor of plaintiff Backyard Wrestling, Inc. and against defendants Levy, Mendelsohn and Herrera for and in the amount of $68,878.68, plus court costs to be determined by the Clerk of Court.

2.   Defendants Levy, Mendelsohn and Herrera are deemed jointly and severally liable for the entire amount of the judgment.[1]

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that a permanent injunction be entered against defendants Levy, Mendelsohn and Herrera.  Pursuant to that permanent injunction, defendants Levy, Mendelsohn and Herrera, and each of them, along with each of their respective officers, directors, agents, servants, employees, heirs, representatives, affiliated companies, licensees, successors and assigns, and all persons, firms, associations, corporations or other entities acting in concert or participating with any of them:

---

[1]   Defendants were alleged to be intentional infringers, a fact the Court accepts as true as a result of the entry of default.  In a copyright infringement action, intentional infringers are jointly and severally liable for all damages.  See Abeshouse v. Ultragraphics, Inc., 754 F.2d 467, 472 (2d Cir. 1985) (citing Nimmer on Copyright, § 12.04(C)[3] at 12-50-51 (1984) (now located at 12-124 in the 2008 edition).

1.  Shall forever refrain and are hereby immediately and permanently enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any of the following acts:

    (a)  Publishing, manufacturing, producing, distributing, marketing, advertising, promoting, displaying, offering for sale, rental or license, selling, renting or licensing any videotape, DVD or other product or media of any kind whatsoever (whether now known or hereafter developed) that features or in any way includes any portion of Plaintiff's copyrighted works entitled "The Best of Backyard Wrestling – Future Kings of the Ring," and "The Best of Backyard Wrestling, Vol. #2, More Hardcore Than Ever Before" (the "Copyrighted Works"), including but not in any way limited to:

        (i)  those certain products as presently configured entitled "Backyard Fight Club Vol. #1" and "Backyard Fight Club Vol. #2;" and

        (ii)  any videotape, DVD or other product that features or in any way includes or makes any other use, either within or on the product itself and/or any packaging or promotional materials, all or any portion of the Copyrighted Works.

2.  Shall deliver to Plaintiff, within ten (10) days of receipt of notice of entry of this injunction:

    (a)  all copies of those certain products as presently configured entitled "Backyard Fight Club Vol. #1" and "Backyard Fight Club Vol. #2," along with any and all masters of said product;

    (b)  all materials of any kind that feature or in any way includes or makes any other use, either within or on the product itself and/or any packaging or promotional materials, all or any portion of the Copyrighted Works; and

    (c) written evidence confirming that they have requested return of all such products from any wholesalers or retailers to whom they have ever shipped the product.

  3. Shall not attempt to reissue its products entitled "Backyard Fight Club Vol. #1" and "Backyard Fight Club Vol. #2" re-edited to exclude any portion of the Copyrighted Works without first moving this Court for an order allowing such reissue with proper notice to Plaintiff.

DATED:  March 19, 2009

           UNITED STATES DISTRICT JUDGE